UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| ONESIMUS GAYEMEN, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | No. 5:14-cv-1518 |
| | : | |
| THE SCHOOL DISTRICT OF THE | : | |
| CITY OF ALLENTOWN, SHAWNDELL | : | |
| CANNON, GREGORY GOODIN, JACOB | : | |
| FERNANDEZ and JAHMEEN QUICK, | : | |
| Defendants. | : | |

_____

**M E M O R A N D U M**
Defendants' Motion to Dismiss - Denied

**Joseph F. Leeson, Jr.**                                                   **April 16, 2015**
**United States District Judge**


I.      **Introduction**

        Defendant School District of the City of Allentown ("Allentown School District") filed a

Motion to Dismiss, ECF No. 42, seeking to dismiss Count Eight of the Second Amended

Complaint.   Plaintiff, Onesimus Gayemen, alleges he was attacked by four fellow students at

William Allen High School.  He claims that the School District knew about past violent assaults

by the four fellow students, but concealed and did not report the earlier assaults to the police.

The Court concludes that Plaintiff has alleged a violation of his Fourteenth Amendment

substantive due process right pursuant to the "state-created danger" theory of liability, therefore

the Motion to Dismiss is denied.

1

## II.   <u>Factual Background and Procedural History</u>

Plaintiff Onesimus Gayemen filed an Amended Complaint and Jury Demand in the Court of Common Pleas of Lehigh County against Defendants Shawndell Cannon, Gregory Goodin, Jacob Fernandez, Jahmeen Quick, and Allentown School District, ECF No. 1. The Amended Complaint was removed to this Court by Defendant Allentown School District.  <u>See</u> <u>id.</u>

Plaintiff alleges that on March 21, 2011, he was attacked by four fellow students on William Allen High School property and that he suffered a broken jaw as a result. <u>See</u> Second Am. Compl. ¶¶ 8-16, ECF No. 41.  In Count Eight, pursuant to 42 U.S.C. § 1983, he alleges that Allentown School District violated his constitutional right to bodily integrity because the School District knew about past violent assaults committed by individual students, including the other four Defendants, and concealed these past assaults in order to avoid public scrutiny, which directly led to the attack against Plaintiff. <u>See</u> <u>id.</u> at ¶¶ 77-90.

Allentown School District filed a motion to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF No. 5, which was granted by the Court by an Order dated October 24, 2014, ECF No. 33. The Court considered Plaintiff's Section 1983 claim under the "state-created danger" theory of liability and concluded that Plaintiff had failed to satisfy the third and fourth elements of this doctrine, but that with further factual averments Plaintiff might be able to satisfy both.[1] Accordingly, the Court ordered that the Section 1983 claim be dismissed "without prejudice for [P]laintiff to file a second amended complaint which clearly avers the factual and legal basis" for those claims. <u>Id.</u>[2]

---

[1]     On February 2, 2015, this case was routinely reassigned from the docket of Judge Gardner, to the docket of Joseph F. Leeson, Jr., a new judge of this Court.

[2]     The Court also granted, as unopposed, the motion to dismiss the negligence claim against Allentown School District.

Plaintiff subsequently filed a Second Amended Complaint containing additional allegations concerning his Section 1983 claim, ECF No. 41, and Defendant Allentown School District filed the present Motion to Dismiss, ECF No. 42, arguing that Plaintiff failed to state a cause of action under Section 1983.

### III.   Legal Standard – Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim for relief is plausible if supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Twombly, 550 U.S. at 555). Instead, the plaintiff must make a "'showing,' rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3. For "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing id.).

### IV.   Analysis of Plaintiff's Second Amended Complaint

The "state-created danger" theory of liability provides a way to establish a constitutional violation in suits brought under Section 1983.  See Morrow v. Balaski, 719 F.3d 160, 166 (3d Cir. 2013), cert. denied, 134 S. Ct. 824 (2013). Under this doctrine, "liability may attach where the state acts to create or enhance a danger that deprives the plaintiff of his or her Fourteenth Amendment right to substantive due process." Id. at 177 (citing Kneipp v. Tedder, 95 F.3d 1199, 1201 (3d Cir. 1996)).

In the Third Circuit, to prevail on a state-created danger theory a plaintiff must prove each of the following four elements:

> (1) the harm ultimately caused was foreseeable and fairly direct;
> (2) a state actor acted with a degree of culpability that shocks the conscience;
> (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and
> (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

Id. (citing Bright v. Westmoreland Cnty., 443 F.3d 276, 281 (3d Cir. 2006)).

Upon review of the Second Amended Complaint, the Court concludes that Plaintiff has cured the deficiencies identified in an earlier version of Plaintiff's Complaint and has alleged a constitutional violation pursuant to the state-created danger doctrine.  Specifically, Plaintiff's allegation that he was a member of a discrete class of persons, students at William Allen High School, subjected to potential harm brought about by Allentown School District's actions, see Second Am. Compl. ¶ 86, is sufficient to meet the third element of the doctrine. See Gremo v. Karlin, 363 F. Supp. 2d 771, 789 (E.D. Pa. 2005) (concluding the plaintiff was a member of a discrete class of persons, namely, the students who attended the plaintiff's high school, who were subjected to potential harm as a result of the state's actions). With respect to the fourth element, Plaintiff's allegations include the following: that Michael Witt, a former security officer at the Allentown High School from February 2009 until October 2011, was "instructed" by the administration that assaults involving students were not to be reported directly to the police, but rather to the administration, and that the administration regularly "concealed" incidents of violence. See Second Am. Compl. ¶¶ 79-84. This is sufficient to meet the "affirmative act"

requirement.[3] See Doe v. Allentown Sch. Dist., No. 06-CV-1926, 2007 WL 2814587, at *6 (E.D. Pa. Sept. 21, 2007) ("Unlike the defendants' passive failures, an active and concerted effort by defendants to conceal crimes against the victims . . . could constitute an affirmative act for purposes of the state-created danger theory.").

## V.    **Conclusion**

In denying the Motion to Dismiss, the Court makes no determination as to whether the School District did or did not conceal student assaults; only that the facts alleged may constitute affirmative acts under Third Circuit precedent. See id. Moreover, in view of this precedent, this Court notes the observation of the Court in Doe v. Allentown School District that, "as this case proceeds through discovery, [Plaintiff's] counsel must focus on discovering what actions [Defendant] took, rather than on what actions [it] failed to take, if [he] intend[s] [his] claims in Count [Eight] to survive a motion for summary judgment." See id.

The Defendant's Motion to Dismiss is denied.  An appropriate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR., U.S.D.J.**

---

[3]    Similar to the Amended Complaint, the Second Amended Complaint contains numerous allegations of omissions that do not satisfy the fourth element of the state-created danger doctrine. The Third Circuit Court of Appeals has emphasized the importance of the distinction between allegations of "passive inaction" and "affirmative acts" in this context and has observed that "the requirement of an actual affirmative act 'is not intended to turn on semantics of act and omission. Instead, the requirement serves . . . to distinguish cases where . . . officials might have done more . . . [from] cases where . . . officials created or increased the risk itself.'" Morrow, 719 F.3d at 179 (quoting Morrow at 186 (Ambro, J., concurring in part and dissenting in part)).