**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| ONESIMUS GAYEMEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 14-CV-1518 |
| | : | |
| SHAWNDELL CANNON; | : | |
| GREGORY GOODIN; | : | |
| JACOB FERNANDEZ; and | : | |
| JAHMEEN QUICK, | : | |
| | : | |
| Defendants | : | |

_____

**Henry S. Perkin, M.J.**                                    **November 21, 2016**

## MEMORANDUM

This matter comes before the Court following Plaintiff's Request for Default Judgment against Defendants, Shawndell Cannon, Gregory Goodin, Jacob Fernandez, and Jahmeen Quick. Defendants were properly served and failed to appear, plead, or otherwise defend in this action. A Clerk's Default was accordingly entered against the Defendants on November 20, 2014. Having reviewed the Plaintiff's Request and pertinent filings and following a non-jury trial held before the Court on July 13, 2016, the Court is prepared to rule on this matter.

## PROCEDURAL HISTORY

Plaintiff Onesimus Gayemen ("Gayemen") commenced this against Defendants Shawndell Cannon ("Cannon"), Gregory Goodin ("Goodin"), Jacob Fernandez ("Fernandez"), and Jahmeen Quick ("Quick") by filing a Complaint in Lehigh County Court of Common Pleas. Gayemen later amended the complaint to include a claim against the School District of the City of Allentown ("School District"), who removed the matter to this Court.

According to the Complaint, Gayemen alleges he was attacked by four students at William Allen High School ("Allen") on March 30, 2011, and sustained several injuries as a result. In an effort to claim liability from Defendants, Gayemen set forth seven counts including battery, assault, concert of action, civil conspiracy, alternative liability, outrageous conduct causing severe emotional distress, and false imprisonment against Cannon, Goodin, Fernandez, and Quick.

Gayemen submitted requests for Entry of Default, accompanied with a Certificate of Service, against Defendants for their failure to appear, plead, or otherwise defend in this action. See Dkt. 36, 37, 38, and 39. On November 20, 2014, the Clerk of the Court entered Default against Defendants. Action against the School District continued until May 26, 2016, when the School District's Motion for Summary Judgment was granted and claims against the School District were accordingly dismissed; the Court's Order was entered and mailed to Defendants on May 27, 2016. See Dkt. 92 and 93.

On June 1, 2016, a telephonic Final Pretrial Conference was held on the record during which it was decided that a non-jury trial would be held on June 21, 2016. See Dkt. 94. The Court's Order was then entered and mailed to Defendants, notifying them of the non-jury trial. See Dkt. 95. At the non-jury trial on June 21, 2016, Defendant Fernandez appeared and requested additional time to secure counsel, to which the Court agreed, rescheduling the non-jury trial to commence at the later date of July 13, 2016. See Dkt. 96 and 97. A notice of the continuance of the trial was sent to all Defendants. See Dkt. 96. At the non-jury trial on July 13, 2016, Defendant Fernandez was the only one to attend, and Defendants Cannon, Goodin, and Quick failed to respond or appear once again. See Dkt. 98. The Court ruled in favor of Gayemen and against *pro se* Defendant Fernandez in the amount of $800 in restitution for the

2

aforementioned claims.  See id.  Giving Fernandez the benefit of the doubt for being the only one of Defendants to appear in this action, the Court found Fernandez fully satisfied of his debt from his earlier payment of $800. With respect to the remaining Defendants Cannon, Goodin, and Quick, the Court took the matter under advisement.  See id.  The matter is now ripe for disposition.

## STANDARD OF REVIEW

A clerk must enter default against a party when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  See Fed.R.Civ.P. 55(a).  If the claim is not for a sum certain, the "party must apply to the court for a default judgment."  See Fed.R.Civ.P. 55(b).  The decision to enter a default judgment "is left primarily to the discretion of the district court."  Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984) (citing Tozer v. Charles A Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951)).  In making its determination, the court should consider: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).  Once a default judgment is entered against a defendant, factual allegations set forth in the Complaint are treated as proven, except for the contentions relating to damages. Comdyne I, Inc. V. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (quoting 10 C., Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2688 at 444 (2d ed. 1983)).

## FINDINGS OF FACT

Having reviewed the record in this case, the Court makes the following pertinent findings of fact:

In March 2011, Gayemen became a student at William Allen High School, where Defendants Cannon, Goodin, Fernandez and Quick were also students.  After attending Allen for only a few days at the time, Gayemen was assaulted by Defendants on his way to his next class. The assault occurred in the following manner: As Gayemen and Quick left the class they were both in together, Cannon, Goodin and Fernandez joined them in the hallway.  When the group exited outside and stopped in the breezeway between the main building and gym, Goodin asked Gayemen for the beads he was wearing at the time because the beads were related to a gang. After Gayemen gave Goodin the beads, Goodin then sucker-punched Gaymen, who fell to the floor.  As Gayemen remained on the floor, Cannon, Fernandez, and Quick punched and kicked him, while also preventing Gaymen from leaving the area.  At the end of the school day, Gayemen's grandmother took him to St. Luke's Hospital, where he was treated for a fractured jaw and a concussion.  Gayemen was also treated at KidsPeace following an attempted suicide in 2012 for reasons directly related to the aforementioned incident.

Based on the injuries sustained from the incident, Gayemen brings claims of battery, assault, concert of action, civil conspiracy, alternative liability, outrageous conduct causing severe emotional distress, and false imprisonment against Defendants.  Factual allegations in the Complaint were supplemented by additional evidence on the record, including Gayemen's deposition testimony,[1] the video recording of the incident,[2] and medical records relating to Gayemen's treatment,[3] to help assist in the Court's determination in this matter.

---

[1] See Dkt. 98 (Exhibit P1).

## DISCUSSION

### Whether Default Judgment Should Be Entered

Applying the <u>Chamberlain</u> factors, the Court must first look at whether Gayemen will be prejudiced if a default judgment is denied.  A plaintiff may be prejudiced if a denial to enter a default judgment against the defendants "would result in the loss of evidence or impair the plaintiff's ability to effectively pursue his or her claim," such as a situation where the defendants do not answer at all.  <u>Carroll v. Stettler</u>, No. 10-2262, 2012 WL 3279213, *2-3 (E.D. Pa. Aug. 10, 2012).  The second factor the Court must assess is whether the defendants have any meritorious defenses.  <u>Chamberlain</u>, 210 F.3d at 164.  Where a party failed to answer claims against it, courts will weigh this factor in favor of granting default against the party. <u>See</u> <u>E.Elec. Corp. of N.J.v. Shoemaker Constr. Co.</u>, 657 F. Supp. 2d 545, 553 (E.D. Pa. 2009).  Finally, the Court will look to see whether Defendants' failure to appear in this action is due to culpable conduct.  <u>See</u> <u>Chamberlain</u>, 210 F.3d at 164.  In this context, culpable conduct means actions taken willfully or in bad faith, and such bad faith may be presumed where a defendant fails to respond to a complaint and offers no reason for its failure to engage in the action.  <u>Feliciano v. Reliant Tooling Co.</u>, 691 F.2d 653, 657 (3d Cir. 1982); *see also* <u>E.Elec.Corp. of N.J.</u>, 657 F.Supp.2d at 554.

In this case, prejudice is particularly likely where Defendants, with the exception of Fernandez, have failed to respond to the Complaint, to the Court's Orders, or to any of the documents served on them. Defendants' delay in failing to engage in this action has impeded Gayemen's ability to seek relief and therefore, a denial of a default judgment would be prejudicial to Gayemen.  In addition, Defendants are unlikely to have any litigable defenses

---

[2] <u>See</u> Dkt. 75 (Exhibit A).

based on the evidence in the record, and they have demonstrated culpable conduct given the lack of action. Therefore, Court finds that all three factors weigh in Gayemen's favor, and warrant the entry of default judgment against Defendants Cannon, Goodin, and Quick.

### Damages

At this time, the Court can find the allegations against Defendants as proven true and can assess the following damages for the injuries Gayemen sustained.  As a result of the incident, Gayemen suffered a left mandibular angle fracture and concussion, for which he was treated at St. Luke's Hospital in Bethlehem, Pennsylvania. See Dkt. 98 (Exhibit P3).  Following a diagnosis of a Grade II concussion, Gayemen was treated at Good Shepherd Rehabilitation Hospital for post-concussion syndrome. See Dkt. 98 (Exhibit P4).  Gayemen was also treated and diagnosed at KidsPeace with major depressive disorder and post-traumatic stress disorder following an episode of attempted suicide that was determined to have been correlated with the incident on March 30, 2011.  See Dkt. 98 (Exhibit P2).  The total amount of medical expenses as a result of the incident is $24,049.25, where Gayemen's out-of-pocket expenses totaled $236.91. In addition to reimbursement of medical expenses, Gayemen requests damages for lost wages, pain and suffering, punitive damages, and counsel fees and costs on each of the aforementioned claims against Defendants. However, Gayemen has not presented any evidence to the Court to support his claim on lost wages.  The Court has taken into consideration Plaintiff's requests in formulating the following conclusion.

---

[3] See Dkt. 98 (Exhibit P2-P4).

## CONCLUSION

After careful consideration of Plaintiff's Request for Default Judgment and documentation in the record in support of the Complaint and Entry of Default, along with the findings of the July 13, 2016 non-jury trial, which are sufficient to determine Plaintiff's measure of damages, and taking the allegations of the Complaint as admitted, the Court will enter a Default Judgment against Defendants Cannon, Goodin, and Quick to be jointly and severally liable to Gayemen in the amount of $75,000 for compensation damages and $15,000 for punitive damages.  In the action taken against Defendant Fernandez, the Court finds that Fernandez has fully satisfied his debt by having appeared at the July 13, 2016 hearing, and by having paid $800 in restitution. An Order follows.